# EXHIBIT "C"

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
CALENDAR: X
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JAMES SPALO and MARY SPALO, | ) |
| | ) Case No. _____ |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| SAFETY-KLEEN CORPORATION, and | ) |
| SAFETY-KLEEN SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiffs, James Spalo and Mary Spalo, by and through their attorneys, Simmons Hanly Conroy LLC, and for their cause of action against the Defendants, states:

### COUNT I/FELA

1. Count I is brought by Plaintiff James Spalo against Defendant Union Pacific Railroad Company (Defendant Union Pacific) pursuant to the Federal Employers' Liability Act (FELA), 45 USC § 51 *et seq.*

2. At all pertinent times stated herein, Defendant Union Pacific was a corporation engaged as a common carrier by rail in interstate commerce, owning, operating, and maintaining an interstate railroad system including tracks, locomotives, cars, and other equipment in Cook County, State of Illinois.

3. At all pertinent times stated herein, Plaintiff was employed by Defendant Union Pacific as a machinist.

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 2 of 9

4. Throughout his employment with Defendant Union Pacific, Plaintiff's duties were in furtherance of interstate commerce or directly, closely, and substantially affected interstate commerce.

5. All or a substantial part of the events, actions, or omissions giving rise to Plaintiff's cause of action occurred within the jurisdiction of this Court.

6. Plaintiff was employed by Defendant Union Pacific from approximately 2000 to the present (and still is employed by this Defendant) as a machinist at its Proviso Yard in Cook County, State of Illinois.

7. During and throughout the course of said employment, Defendant Union Pacific required Plaintiff to work with, on, in, and around diesel locomotives and other diesel powered equipment and appurtenances, thereby causing Plaintiff to be exposed to, inhale, ingest and otherwise absorb diesel fumes, diesel exhaust and emissions ("diesel exhaust"), and other potentially toxic and hazardous substances.

8. Plaintiff was also exposed to second hand cigarette and other tobacco smoke, fumes and odors from toxic cleaning solvents, and other potentially toxic and hazardous materials from sources during and connected to his employment with Defendant Union Pacific.

9. Plaintiff's exposure to said diesel exhaust, second hand cigarette and other tobacco smoke, fumes and odors from toxic cleaning solvents, and other potentially toxic and hazardous materials and was foreseeable and could or should have been anticipated by Defendant Union Pacific.

10. Defendant Union Pacific knew or should have known: that diesel exhaust, second hand cigarette and other tobacco smoke, fumes and odors from toxic cleaning solvents, and other potentially toxic and hazardous materials are toxic, poisonous, carcinogenic, and have a

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 3 of 9

deleterious effect on the health of persons exposed thereto; and, that exposure to said toxic substances posed an unreasonable risk of harm to Plaintiff and others similarly situated. Defendant Union Pacific possessed specific and superior knowledge concerning the hazards of exposure to said toxic substances including, but not limited to, that persons exposed to the same were likely to suffer some harm.

11. Plaintiff did not know and had no reasonable way to know or realize the risks of being exposed to said toxic substances. Defendant Union Pacific should have anticipated that Plaintiff did not know and would not discover or realize the same.

12. At all relevant times, Defendant Union Pacific had a duty to exercise reasonable care with respect to Plaintiff's employment and working conditions, including *inter alia* the duty to provide proper and adequate hazard communications, training, directions, instructions and protective equipment.

13. Defendant Union Pacific committed one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) Utilized diesel locomotives and other equipment that emitted unnecessarily and unreasonably excessive amounts of diesel exhaust;

(b) Required Plaintiff to work with and around diesel locomotives and other equipment that emitted unnecessarily and unreasonably excessive amounts of diesel exhaust without adequate hazard communications, directions, instructions or protective devices;

(c) Failed to provide Plaintiff with a reasonably safe place to work including, but not limited to, providing proper ventilation and controls designed to prevent or reduce exposure to diesel fumes and exhaust;

(d) Failed to provide Plaintiff with diesel locomotives, equipment and appurtenances that were in proper and reasonably safe condition;

(e) Failed to furnish Plaintiff with safe and suitable tools and devices including adequate respiratory protection and other protective devices;

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 4 of 9

(f) Failed to provide adequate hazard communications and otherwise warn Plaintiff of the hazards of diesel exhaust, and of working around the same and other hazardous substances;

(g) Failed to properly and periodically inspect its diesel locomotives in order to determine if, and to what extent, they emitted unnecessarily and unreasonably excessive amounts of diesel exhaust;

(h) Failed to properly and periodically monitor Plaintiff's work environment in order to determine the amounts of hazardous substances, including, diesel exhaust and dangerous chemicals, toxic cleaning solvents present therein;

(i) Failed to timely implement medical monitoring of employees, including Plaintiff, to determine their exposure to hazardous substances, including diesel exhaust and dangerous chemicals, and the effects thereof on the employees' health and wellbeing;

(j) Failed to provide Plaintiff with proper and adequate training, directions, instruction and guidance concerning how to avoid or minimize exposure to diesel exhaust and dangerous chemicals and other hazardous substances;

(k) Failed to implement and enforce work rules and practices designed to avoid or minimize exposure to diesel exhaust and other hazardous substances;

(l) Failed to make use of up-to-date engineering controls designed to avoid or minimize exposure to diesel exhaust and dangerous chemicals and other hazardous substances;

(m) Failed to timely upgrade its diesel locomotives and equipment with available control devices designed to avoid or minimize exposure to diesel exhaust and dangerous chemicals and other hazardous substances;

(n) Otherwise failed to comply with contemporaneous industry and government standards, guidelines, recommendations, rules and regulations concerning workplace health and safety including, but not limited to, 49 CFR §§ 229.7, 229.41, 229.43, 229.45, & 229.119;

(o) Exposed Plaintiff to second hand cigarette and other tobacco smoke, fumes and odors from toxic cleaning solvents, and other potentially toxic and hazardous materials, and,

(p) Otherwise failed to provide Plaintiff with a reasonably safe place to work.

14. As a result, in whole or in part, of the above-described exposure to diesel

Case No. _____    Page 4 of 9

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 5 of 9

exhaust, second hand cigarette and other tobacco smoke, vapors, fumes and odors from dangerous chemicals and toxic cleaning solvents, and/or other potentially toxic and hazardous materials, Plaintiff contracted renal cancer that metastasized to other parts of his body. Plaintiff first became aware of said disease when he was diagnosed in February of 2016, and subsequently became aware that the same was wrongfully caused.

15. As a result, in whole or in part, of Defendant Union Pacific's violation of the Federal Employers' Liability Act: Plaintiff is and will continue to be disabled, disfigured and impaired in the enjoyment of recreational/life activities; Plaintiff has incurred and will continue to incur necessary expenses for hospital, medical and other health care services; Plaintiff has incurred and will continue to incur necessary expenses for household labor and tasks that Plaintiff can no longer perform; Plaintiff has incurred and will continue to incur lost wages and benefits and his earning capacity has been permanently diminished or lost entirely; Plaintiff has experienced and will continue to experience physical pain and mental and emotional suffering.

WHEREFORE, Plaintiff, James Spalo, demands judgment against Defendant Union Pacific Railroad Company in an amount in excess of Fifty Thousand Dollars ($50,000) together with costs of suit and all other appropriate relief.

### COUNT II/LOCOMOTIVE INSPECTION ACT

16. Plaintiff herein incorporates by reference paragraphs 1-15 of this Complaint.

17. Plaintiff James Spalo brings this action pursuant to 45 USC § 51 *et seq.* by alleging a violation of the Locomotive Inspection Act, 49 USC § 20701.

18. Plaintiff was injured, in whole or in part, because Defendant Union Pacific assigned him to use and work with, in, around, and upon locomotives that were in improper and unsafe condition in violation of the LIA and 49 CFR §§ 229.7, 229.41, 229.43, 229.45, and

229.119, in that the same emitted unreasonably excessive levels of diesel exhaust, and were not sufficiently ventilated or equipped with devices to control emissions.

19. As a result, in whole or part, of said violations on the part of Defendant Union Pacific, Plaintiff was exposed to diesel exhaust as described, causing Plaintiff to develop renal cancer that metastasized to other parts of his body and thereby causing Plaintiff to sustain damages as outlined above.

WHEREFORE, Plaintiff prays for judgment against Defendant Union Pacific in an amount in excess of Fifty Thousand Dollars ($50,000) together with costs and all other appropriate relief.

## COUNT III/NEGLIGENCE/LOSS OF CONSTORTIUM

20. Plaintiffs herein incorporate by reference paragraphs 1-19 of this Complaint.

21. Defendants Safety-Kleen Corporation and Safety-Kleen Systems, Inc. (Defendant Safety-Kleen) manufactured, sold, distributed, and/or supplied products containing toxic chemicals, including, but not limited to cleaning solvents and machines that used toxic solvents which Plaintiff James Spalo used in his work as a machinist for Defendant Union Pacific as set forth above.

22. During his work with said toxic chemical machines, Plaintiff James Spalo was exposed to vapors, fumes, and odors from same.

23. Plaintiff James Spalo's exposure to vapors, fumes and odors from said toxic chemicals and other potentially toxic and hazardous materials manufactured, sold, distributed, and/or supplied by Defendant Safety-Kleen was foreseeable and could or should have been anticipated by Defendant Safety-Kleen.

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 6 of 9
ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 6 of 9

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 7 of 9

24. Defendant Safety-Kleen knew or should have known: that said toxic chemicals and the vapors, fumes and odors from them are toxic, poisonous, carcinogenic, and have a deleterious effect on the health of persons exposed thereto; and, that exposure to said toxic substances posed an unreasonable risk of harm to Plaintiff James Spalo and others similarly situated. Defendant Safety-Kleen possessed specific and superior knowledge concerning the hazards of exposure to said toxic substances including, but not limited to, that persons exposed to the same were likely to suffer some harm.

25. Plaintiff James Spalo did not know and had no reasonable way to know or realize the risks of being exposed to said toxic substances. Defendant Safety-Kleen should have anticipated that Plaintiff James Spalo did not know and would not discover or realize the same.

26. Defendant Safety-Kleen breached its duty to Plaintiff James Spalo in one or more of the following ways:

(a) Provided Plaintiff James Spalo with chemicals that it knew, or in the exercise of reasonable care, were toxic and dangerous;

(b) Failed to warn Plaintiff James Spalo that he was working with and/or around toxic materials and the risks associated therewith;

(c) Failed to provide/require/advise Plaintiff James Spalo to use proper equipment and/or practices designed to reduce the release of toxic materials and/or his exposure to toxic materials;

(d) Included toxic chemicals in its products or services when safer alternatives were available;

(e) Failed to adequately test its products that contained toxic chemicals;

(f) Provided Plaintiff James Spalo with machines that used toxic chemicals

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 8 of 9

and failed to warn of the risk associated there with;

27. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant Safety-Kleen, Plaintiff James Spalo was exposed to, inhaled, ingested, and/or otherwise absorbed toxic fumes, and vapors thereby causing him to contract renal cancer that metastasized to other parts of his body. Plaintiff James Spalo first became aware of said disease when he was diagnosed in February of 2016, and subsequently became aware that the same was wrongfully caused.

28. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant Safety-Kleen: Plaintiff James Spalo is and will continue to be disabled, disfigured and impaired in the enjoyment of recreational/life activities; Plaintiff James Spalo has incurred and will continue to incur necessary expenses for hospital, medical and other health care services; Plaintiff James Spalo has incurred and will continue to incur necessary expenses for household labor and tasks that he can no longer perform; Plaintiff James Spalo has incurred and will continue to incur lost wages and benefits and his earning capacity has been permanently diminished or lost entirely; Plaintiff James Spalo has experienced and will continue to experience physical pain and mental and emotional suffering.

29. At all times herein mentioned, Plaintiff Mary Spalo was and is the lawful wife of Plaintiff James Spalo.

30. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant Safety-Kleen which caused Plaintiff James Spalo to develop the above stated cancer and to suffer the associated damages, Plaintiff Mary Spalo has and will continue in the future to suffer a loss of support, consortium and society of James Spalo, together with related emotional suffering.

WHEREFORE, Plaintiffs, James Spalo and Mary Spalo, demand judgment against Defendant Safety-Kleen Corporation and Defendant Safety-Kleen Systems, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000) together with costs of suit and all other appropriate relief.

Respectfully Submitted,

SIMMONS HANLY CONROY

Attorney for Plaintiff

/s/ Kenneth P. Danzinger
Kenneth P. Danzinger, IL#6242752
Cook County #57168
Ted N. Gianaris, IL#6237156
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
kdanzinger@simmonsfirm.com
tgianaris@simmonsfirm.com

ELECTRONICALLY FILED
3/24/2017 11:55 AM
2017-L-003103
PAGE 9 of 9