```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
           EASTERN DIVISION
```

| | |
|---|---|
| **JAMES SPALO and MARY SPALO,** | |
| Plaintiffs, | |
| v. | Case No. 17 C 3357 |
| **UNION PACIFIC RAILROAD COMPANY, SAFETY-KLEEN CORORATION, and SAFETY-KLEEN SYSTEMS, INC.,** | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

For the reasons to follow, Plaintiffs' Motion to Remand [ECF No. 21] is granted. The Court hereby remands the case to the Circuit Court of Cook County, Illinois.

### I. BACKGROUND

Plaintiffs James and Mary Spalo (hereinafter referred to collectively as "Plaintiffs" and individually as "James" or "Mary") filed suit in Cook County Circuit Court against Defendants Union Pacific Railroad Company ("Union Pacific"), Safety-Kleen Corporation, and Safety-Kleen Systems, Inc. (collectively, "Safety-Kleen"). According to Plaintiffs, James has been employed as a Union Pacific machinist since 2000 and was recently diagnosed with renal cancer attributable to his protracted on-the-job exposure to exhaust, fumes, and odors emitted by diesel locomotives, diesel equipment, and toxic cleaning solvents.

Charging negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and violation of the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 (such a violation is negligence *per se* under the FELA), James faults Union Pacific for requiring him to work with and around such hazards. In a third count, he also sues Safety-Kleen, who manufactures the various toxins, solvents, and machines that used them, on products liability theories sounding in negligence. In the same count, Mary also asserts a claim against Safety-Kleen for loss of consortium.

Safety-Kleen removed the case to this Court on May 4, 2017 on the basis of diversity jurisdiction. Union Pacific did not formally join, sign, or file a certification concerning the notice of removal. Instead, the notice indicated simply that "Defendant UP consents to this removal action." (ECF No. 1 ¶ 49.) Within thirty (30) days of removal, Plaintiffs filed the instant Motion to Remand. A few days before doing so, they amended their Complaint without altering the nature of the claims or the parties against whom they assert them.

## II. DISCUSSION

Courts are instructed to interpret narrowly the statute authorizing removal and to resolve any doubt in favor of the plaintiff's choice of forum in state court. *See, Schur v. L.A.*

*Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted).

28 U.S.C. § 1441(c) used to provide that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed." 28 U.S.C. § 1441(c)(1948). In 1990, Congress amended subsection (c), eliminating its application to cases within a district court's diversity jurisdiction and instead permitting removal "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by *section 1331* of this title is joined with one or more otherwise nonremovable claims or causes of action." 28 U.S.C. § 1441(c) (1990) (emphasis added); *see also, Fore Investments, LLC v. Travelers Indem. Co. of Am.*, No. 12 C 1702, 2013 WL 3467328, at *8-9 (S.D. Ind. July 9, 2013) (noting that rewritten section 1441 "appl[ies] solely to cases within the court's federal question jurisdiction"). Congress jettisoned the "separate and independent" language altogether in 2011 and, effective 2012, § 1441(c) no longer allows a district court to hear the entire case removed but instead requires severance and remand of the joined claim "that has been made nonremovable by statute" (or over which there is no original or supplemental jurisdiction). 28 U.S.C. § 1441(c)(1) (2012).

In this case, Defendants removed on the basis of diversity jurisdiction over Plaintiffs' state-law count against Safety-Kleen, *not* based on the FELA claims against Union Pacific (over which federal and state courts have concurrent jurisdiction, see, *Lancaster v. Norfolk and Western Ry. Co.,* 773 F.2d 807, 812 (7th Cir. 1985), *cert. denied,* 480 U.S. 945 (1987)). This is likely because Union Pacific knew that this train had left the station; by asseveration of Congress, FELA claims are not removable. 28 U.S.C. § 1445(a) (prohibiting removal of any civil action based on 45 U.S.C. §§ 51-60); *Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 434 (1965) ("Congress, in . . . prohibiting removal of FELA cases to federal courts, has sought to protect the plaintiff's right to bring an FELA action in a state court."); *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556, 1561 & n.9 (7th Cir. 1989). As the basis for removal is a claim within the Court's diversity jurisdiction, §§ 1441(a)-(b) and 1446 control here. Those provisions permit removal of diversity actions "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). Because Defendants do not seek to avoid the removal bar by claiming that Plaintiffs have frivolously invoked the FELA, *see, Hammond v. Terminal R.R. Ass'n of St. Louis,* 848 F.2d 95, 97-98 (7th Cir. 1988), the only issue *sub judice* is the effect of Plaintiffs' state-law count on the statutory prohibition against

removal of "civil action[s]" "arising under" the FELA. 28 U.S.C. § 1445(a).

First, and contrary to Safety-Kleen's contention, Plaintiffs did not waive their right to seek remand by filing an Amended Complaint with this Court once Defendants moved to dismiss. *See, e.g., Armstrong v. LaSalle Bank Nat. Ass'n,* 552 F.3d 613, 618-19 (7th Cir. 2009) (holding that plaintiffs did not waive their right to remand by filing amended complaint agreeing to venue and jurisdiction in transferee court or by participating in pre-trial proceedings); *Rapid Displays, Inc. v. Ford, Walker, Haggerty & Behar, LLP,* No. 16 C 1703, 2016 WL 6543207, at *3-4 (S.D. Cal. Nov. 3, 2016) (finding no waiver of right to seek remand where plaintiff responded to motion to dismiss by filing amended complaint asserting new claims for relief). As such, Plaintiffs have the right to seek remand in this case.

Thanks to the amendments scotching § 1441(c)'s erstwhile diversity application and "separate and independent" provision, interpretations of the FELA removal bar in the context of § 1441(a) bear the most relevance here. For example, in *Dupard v. Occidental Chem. Corp.,* No. Civ.A. 02-3310, 2003 WL 1837718 (E.D. La. Apr. 8, 2003), the plaintiff, a railroad employee of Union Pacific, sued Union Pacific and a chemical manufacturer in state court based on workplace exposure to chemicals leaking from an

improperly secured rail car. He brought a claim under the FELA against Union Pacific and a state-law negligence count against the other defendant. Both claims were removed to federal court on the basis of diversity over the state-law claim, and the plaintiff sought remand by invoking the FELA removal bar. The court remanded the case in its entirety, unpersuaded "that the otherwise non-removable FELA claim against Union Pacific was rendered removable when it was joined with the otherwise removable state law claim against Occidental." *Id.* at *2. Nor was the Court "convinced that [the plaintiff] waived the bar to removal created by § 1445(a) when he chose to join his FELA claim with a state law claim asserted against a non-FELA defendant." *Ibid.* As in the instant case, § 1441(c) was inapplicable because "the claim with which the 'otherwise non-removable' FELA claim is joined – the state law negligence claim" – was not a federal question claim under 28 U.S.C. § 1331. *Ibid.* And even if it were, it did not appear to the court that the state-law claim was "separate and independent" of the FELA count against Union Pacific. *Ibid.*

Another such case is *Pike v. Burlington Northern R.R.*, No. 96 C 6017, 1996 WL 403784 (W.D. Mo. July 12, 1996). There, the plaintiff sued in state court for personal injuries he allegedly sustained while working as a switchman for Burlington Northern Railroad on the premises of Quaker Oats Company. He sued the

railroad for negligence under the FELA and Quaker Oats for common-law negligence. Quaker Oats removed the case on the basis of diversity jurisdiction over the state-law negligence claim, arguing that "plaintiff's decision to combine this negligence claim with the FELA claim operated as a waiver of that privilege of nonremovability afforded him by 28 U.S.C. § 1445." *Id.* at *1. Rejecting this argument, the court first noted that Congress clearly prohibited removal from state to federal court of actions initiated under the FELA. It then held that the plaintiff did not waive his entitlement to this prohibition by joining his claim under the FELA with a state-law claim that, standing alone, would have been removable. *See, id.* at *2. It noted finally the language of § 1441(a), which demands that a federal court have jurisdiction over the entire "civil action" for diversity-based removal to be proper, such that it could not sever the claim against Quaker Oats and remand only the FELA claim. *Ibid.* Although few treat the issue in such depth, other cases are in accord. *See, e.g., Leonard Anthony Carrillo v. CSX Transp., Inc.,* No. 3:13 C 1039, 2014 WL 2200903, at *3 (W.D. Ky. May 27, 2014) (granting motion to remand because the court could not "conclude, based on a plain reading of the statute, that Plaintiffs have taken this action outside of § 1445(a)'s scope by bringing related negligence claims against non-railroad defendants"); *Gowdy v.*

*Norfolk Southern Ry. Co.,* No. 07 C 365, 2007 WL 1958592 (S.D. Ill. July 2, 2007) (remanding case based on FELA removal bar where plaintiff adequately alleged railroad's liability under FELA and state law for injuries he sustained while loading railcar).

Looking beyond cases that have purchase under the current version of § 1441, many applications of the FELA have proceeded on the basis of the "separate and independent" requirement under the old version of § 1441(c). The Supreme Court defined its general removal principles in *Am. Fire & Casualty Co. v. Finn,* 341 U.S. 6 (1951), holding that a claim against an insurer was not separate and independent of a claim against the agent where both concerned property lost in a fire. *Id.* at 12. In other words, there is no separate and independent cause of action when a plaintiff seeks recovery for a single injury on separate grounds. *Sawyer v. Federal Barge Lines, Inc.,* 577 F.Supp. 37, 38 (S.D. Ill. 1982). Even if more than a single wrong exists, claims are not "separate and independent" if the wrongs arise from an interlocked series of transactions or otherwise substantially derive from the same facts. *See, Finn,* 341 U.S. at 14; *New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.,* 658 F.2d 867, 874 n.12 (1st Cir. 1981). Whether there is a "single wrong" depends on there being a "wrongful invasion of a single primary right of the plaintiff,"

not how many legal causes of action are alleged. *Finn,* 341 U.S. at 13.

Accordingly, when rejecting the argument that a removable claim was "separate and independent" of the concurrent FELA claim, courts emphasized that the injury for which the plaintiff sought redress was unitary, concurrent, or otherwise traced to the same set of facts. *See, e.g., Hughes v. Union Pacific Railroad Co.,* No. 05 C 6219, 2005 WL 3071676, at *1-2 (D. Or. Nov. 15, 2005) (granting motion to remand where plaintiff sued Union Pacific on FELA negligence claim and other defendants on state-law strict liability and negligence claims, because plaintiff sought "relief from a single wrong that ar[ose] from an interlocking series of transactions"); *Hunter v. Missouri-Pac.-Tex. R.R.,* 252 F.Supp. 590, 590 (N.D. Okl. 1966) (finding no waiver of 28 U.S.C. 1445(a), and remanding action bringing FELA claim against one railroad and a non-FELA claim against another railroad for "a single injury to his person alleged to have been brought about by the joint and concurrent acts of the two defendants"); *Anderson v. Union Pac. R. Co.,* 200 F.Supp. 465, 466-67 (D. Kan. 1962) (remanding action alleging common law negligence against one defendant and negligence under the FELA against co-defendant for concurrent negligent acts).

On the other hand, sharp mismatches between the facts underlying the FELA injury and the removable cause of action characterize decisions denying remand. *See, e.g., Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 220-222 (7th Cir. 1985) (finding employee's claim against railroad for intimidating him for filing a FELA claim separate and distinct from his FELA claim for injuries); *Palser v. Burlington Northern R. Co.*, 698 F.Supp. 793, 794-95 (E.D. Mo. 1988) (treating plaintiff's state-law employment discrimination claim based on decedent's alleged wrongful discharge from managerial position in March 1987 as separate and independent of the FELA claim arising out of his alleged 1988 wrongful death while working as track laborer); *Samczyk v. Chesapeake & Ohio Ry. Co.*, 643 F.Supp. 79, 79-80 (E.D. Mi. 1986) (holding that plaintiff's FELA claim arising from injuries sustained while working as brakeman was separate and independent of his claim under state discrimination law challenging defendant's decision, after the injury disqualified him from working as a brakeman, to place him on disability); *Hages v. Aliquippa & Southern R. Co.*, 427 F.Supp. 889, 891-94 (W.D. Pa. 1977) (denying remand where plaintiff's FELA count concerned on-the-job injuries and his separate Railway Labor Act claim alleging wrongful discharge arising out of his later termination was independently removable on the basis of federal question

jurisdiction); *Emery v. Chicago, B. & Q.R. Co.*, 119 F.Supp. 654, 655-57 (S.D. Iowa 1954) (finding entire case removable because plaintiff, in addition to FELA negligence claim for bodily injury, brought fraud count challenging defendant's inducement of plaintiff to dismiss prior litigation along with count alleging defendant's breach of oral contract to take care of plaintiff for life).

The Court finds remand appropriate here. When removal proceeds on the basis of diversity, it invokes § 1441(a)'s "except as otherwise expressly provided by Act of Congress" proviso. Case law establishes that the relevant Congressional prohibition on removal of "[a] civil action" "arising under" the FELA sweeps in pendent state-law claims that, brought on their own, would otherwise be removable on the basis of diversity jurisdiction. Similarly, to the extent the cases decided under old § 1441(c)'s "separate and independent" removal standard retain force, they do not help Defendants because Plaintiffs' claims trace to one unitary injury – James's development in 2016 of renal cancer allegedly as a result of the harmful exhaust and fumes to which he was exposed while working for Union Pacific with Safety-Kleen equipment. It is immaterial that one defendant is charged with FELA liability and another is not, or that the theories of recovery from each defendant may implicate different culpability

standards.  That Mary's loss of consortium is an indirect result of James's unitary injury does not make it less indebted to the same interlocked series of facts.

Therefore, notwithstanding that Plaintiffs' negligence count against Safety-Kleen might on its own be removable based on diversity jurisdiction, it remains stranded in state court because Plaintiffs chose to include it with pendent FELA claims or, in the alternative, because it implicates the same interlocked series of facts underlying the injury for which James seeks FELA recovery. The FELA removal bar halts the federal pistons and renders this case ineligible for removal.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand [ECF No. 21] is granted.  The case is remanded to Cook County Circuit Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ *signature*
　　　　　　　　　　　　　　　　　　―――――――――――――――――――――
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: July 7, 2017